O
JS-6

LASC, West District
Case No.: SC115870

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SAATHOFF,<br><br>          Plaintiff,<br>     v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; JACK BARRON; and DOES 1 through 200 inclusive,<br><br>          Defendants. | Case No. 2:12-cv-2025-ODW(MRWx)<br><br>**REMAND ORDER** |

Pending before the Court is Defendants' Motion for Judgment on the Pleadings. (ECF No. 15.) But before reaching the merits of the motion, the Court has determined that it lacks subject-matter jurisdiction over this case. Accordingly, the case is hereby **REMANDED** to Los Angeles County Superior Court.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded

complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A case may not be removed to federal court on the basis of a federal defense. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

Plaintiff's original Complaint contained ten causes of action, including two causes of action under the American with Disabilities Act ("ADA"). These two causes of action gave rise to federal-question jurisdiction under 28 U.S.C. § 1331, by which Defendants removed the action here. But Plaintiff's First Amended Complaint asserts only eight causes of action. Notably missing are the two ADA claims. The fact that Plaintiff alleges ADA violations within its causes of action arising under California law does not give rise to federal-question jurisdiction. *See Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 817 (1998) ("[A] complaint alleging a violation of a federal statute as an element of a state cause of action . . . does not state a claim arising under the Constitution, laws, or treaties of the United States.").

And the mere mentioning of a federal statute does not satisfy the well-pleaded complaint rule. If anything, it appears that Plaintiff purposefully omitted the two ADA claims in his First Amended Complaint in order to get the case back to state court. Further, there is no diversity jurisdiction in this case, as all parties are citizens of California.

For the above reasons, the Court **REMANDS** the case to Los Angeles County Superior Court for lack of subject matter jurisdiction. Defendants' Motion for Judgment on the Pleadings is **DENIED AS MOOT**. (ECF No. 15.) The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

July 27, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**